**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCES DU JU, Plaintiff-Appellant, v. STATE OF WASHINGTON; et al., Defendants-Appellees. | No. 18-35195 D.C. No. 3:17-cv-06082-BHS MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Frances Du Ju appeals pro se from the district court's judgment dismissing

her 42 U.S.C. § 1983 action alleging various constitutional claims arising out of

the foreclosure on her home, an unlawful detainer action in state court, and her

subsequent arrest.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo a dismissal under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Ju's action because Ju failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Ju further leave to amend because amendment would be futile. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that a district court's discretion is particularly broad when it has already granted leave to amend).

**AFFIRMED.**